USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12/20/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**JAMES MURPHY,** *on behalf of himself and all others similarly situated*,

                  **Plaintiff,**

-against-

**REGAL CINEMAS, INC.,**

                  **Defendant.**

**19-cv-9930 (ALC)**

**Order of Dismissal**

---

**ANDREW L. CARTER, United States District Judge:**

    Plaintiff James Murphy, on behalf of himself and all others similarly situated, brings this action against Defendant Regal Cinemas, Inc. alleging violations of the Americans with Disabilities Act "(ADA)", 42 U.S.C. § 12181 et seq., the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). This action first began on October 25, 2019. ECF No. 1. Plaintiff filed his First Amended Complaint ("FAC") on March 5, 2020. ECF No. 22. His claim is that Defendant's gift cards are not accessible to blind or visually impaired individuals because they do not include auxiliary aids—namely information written in braille—and he seeks declaratory and injunctive relief. *Id*.

    On March 20, 2020, Defendant filed a motion to dismiss Plaintiff's FAC. ECF No. 23. On July 15, 2020, stayed the above-captioned matter pending resolution of a consolidated appeal of orders granting motions to dismiss in similar cases. ECF No. 39. In that same order, the Court denied Defendant's motion to dismiss without prejudice to refile the motion after the stay is lifted and the Court ordered the parties to submit a joint status report indicating how they would like to proceed within 14 days of the resolution of the consolidated appeals. *Id*. On June 2, 2022, the Second Circuit decided those consolidated appeals in *Calcano v. Swarovski N. Am. Ltd.*, holding

that "Plaintiffs' conclusory, boilerplate allegations fail to establish standing." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 71 (2d Cir. 2022).

To date, the parties have not filed a joint status report. On September 1, 2022 and September 9, 2022, Plaintiff filed deficient Notices of Voluntary Dismissal. On October 5, 2022, following the Second Circuit's opinion, the Court issued an Order to Show Cause as to why this action should not be dismissed for lack of Article III standing. ECF No. 42. The Plaintiff was ordered to respond by October 19, 2022. *Id*. To date, Plaintiff has not responded to the Order. The Court will now address whether this action should be dismissed for lack of Article III standing.

**Article III Standing**

Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, ⎯⎯ U.S. ⎯⎯, 141 S. Ct. 2190, 2203, (2021). "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing." *Id.* A standing issue may be raised at any stage in a litigation, and "the party invoking federal jurisdiction bears the burden of establishing the elements." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 141 S. Ct. at 2203. A plaintiff pursuing injunctive relief may not rely solely on past injury, but also must establish that "she is likely to be harmed again in the future in a similar way." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016). Such "threatened injury must be *certainly impending* to constitute injury in fact, and ... allegations

Case 1:19-cv-09930-ALC   Document 43   Filed 12/20/22   Page 3 of 4

of *possible* future injury are not sufficient." *Am. Civ. Liberties Union v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2015) (cleaned up).

In the ADA context, the Second Circuit has "held that a plaintiff seeking injunctive relief has suffered an injury in fact when: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [businesses] to plaintiff's home, that plaintiff intended to return to the subject location." *Calcano*, 36 F.4th at 74–75 (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013)). The focus of the third factor—*i.e.*, intent to return based on past visits and proximity—is to ensure that "the risk of harm is sufficiently imminent and substantial" to establish standing. *Id*. (quoting *TransUnion*, 141 S. Ct. at 2210). "Thus, the central inquiry is not whether a complaint pleads the magic words that a plaintiff intends to return, but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury." *Id*. (citations omitted).

**Application**

Here, Plaintiff has not adequately pleaded the third factor. Like the complaints underlying the consolidated appeal before the Second Circuit in *Calcano*, Plaintiff's allegations are too conclusory to establish standing. *Calcano*, 36 F.4th at 75.

Plaintiff simply asserts that he "has been a customer at Defendant's stores on prior occasions and intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's movie theater." FAC ¶ 21. This language is nearly identical to the language used in the complaints discussed in *Calcano*, 36 F.4th at 75 ("Plaintiff has been a customer at Defendant's

[business] on prior occasions and intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind."). Additionally, like in the complaints underlying *Calcano*, the Plaintiff relies on his allegation that he resides in "close proximity" to Defendant's movie theaters. *See Id*. at 75-76; FAC ¶ 27.

The Court in *Calcano* held that "these allegations parrot the court's language in *Kreisler*," and that even though the "Plaintiffs characterize them as factual assertions," "these assertions are nothing more than 'legal conclusion[s] couched as ... factual allegation[s].'" *Calcano*, 36 F.4th at 76 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The Second Circuit also highlighted the "backdrop of Plaintiffs' Mad-Libs-style complaints" as further "confirm[ing] the implausibility of [plaintiffs'] claims of injury." *Id*. at 77. Therefore, the Court finds that Plaintiff cannot possibly show that he has suffered an injury that is "concrete and particularized." *Id.* (quoting *Lujan*, 504 U.S. at 560).

**Conclusion**

For the foregoing reasons, the Court dismisses Plaintiff's ADA claim. Because the Court is dismissing Plaintiff's ADA claim for lack of Article III standing, it declines to exercise supplemental jurisdiction over the state and municipal law claims included in Plaintiff's Complaint. 28 U.S.C. § 1367(c)(3). The Complaint is dismissed without prejudice. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:   **December 20, 2022**
        **New York, New York**

                                              **ANDREW L. CARTER, JR.**
                                              **United States District Judge**